# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

ELLEN JOHNSON                              CIVIL ACTION NO. 08-1216
JULIUS JOHNSON

VERSUS                                     MAGISTRATE JUDGE METHVIN

WAL-MART LOUISIANA, LLC                    BY CONSENT OF THE PARTIES

### RULING ON MOTION FOR SUMMARY JUDGMENT
### ON BEHALF OF WAL-MART LOUISIANA, LLC
#### (Rec. Doc. 22)

This matter is before the court on defendant Wal-Mart Louisiana, LLC's (Wal-Mart's)

motion for summary judgment. The motion is opposed.

#### Background and Argument of Parties

Plaintiff filed suit in state court, alleging injuries from a slip and fall accident which

occurred on October 29, 2007, at defendant's store in DeRidder, Louisiana. Defendants removed

the matter to federal court, on the basis of diversity subject matter jurisdiction.[1] In her petition,

plaintiff alleged as follows:

> III.
>
> . . . Plaintiff, Ellen Johnson, was shopping at Wal-Mart and pushing her shopping cart down the front of the store near register #11. As she turned to go up the aisle between men's clothing and stationery department her cart began to slide and her right foot slipped under the cart while her left foot slipped backwards, Plaintiff, Ellen Johnson's full body weight fell straight down on her left knee.
>
> IV.
>
> The sole cause of the accident was Wal-Mart's failure to keep the floors free from spills and failure to properly display dangerous or harmful areas, which renders Wal-Mart strictly and absolutely liable for the entirety of damages sustained by Plaintiff as a matter of law.[2]

---

[1] 28 U.S.C. §1332.

[2] See "Petition for Damages," Exhibit A to *Notice of Removal* (rec. doc. 1)(Emphasis omitted).

In its motion for summary judgment, Wal-Mart argues plaintiff cannot carry her burden of proof under La. R.S. 9:2800.6, which, as interpreted by <u>White v. Wal-Mart Stores, Inc.</u>, 699 So.2d 1081 (La. 1997), requires plaintiff to "make a positive showing of the existence of the condition prior to the fall."[3]

In support of its motion, Wal-Mart argues the evidence in the record contains insufficient proof that the spill existed prior to plaintiff's fall, and thus plaintiff cannot prove an essential element of her claim - i.e. that Wal-Mart had at least constructive notice of the condition. Wal-Mart summarizes plaintiff's deposition testimony as follows: "[a]fter observing the spill after she fell, the plaintiff did not see any evidence that any other shopping carts or any other footprints from other customers had walked through the spill before her"; "she did not know of any Wal-Mart employee who knew that the substance was on the floor before her accident"; plaintiff, when asked if she could tell whether the spill had been there for a long or short period of time, testified "Probably a short period of time or somebody else would have got in it before me;" and, she agreed with the statement that she had "no idea how long it had been there, whether it was for hours or minutes."[4]

Defendant also cites the deposition testimony of Clint Hebert, a Wal-Mart customer, who came to Ms. Johnson's aid. Hebert testified, *inter alia*, that he heard someone fall; he had no idea how long the spill had been there; the only shopping cart tracks through the spill were Johnson's; there was nothing about the substance itself that could lead one to believe it was old

---

[3]*Memorandum in Support of Motion for Summary Judgment on Behalf of Wal-Mart Louisiana, LLC* (rec. doc. 22-4), p. 7, citing <u>White v. Wal-Mart Stores, Inc.</u>, 699 So.2d 1081 (La.1997).

[4]*Memorandum in Support of Motion for Summary Judgment on Behalf of Wal-Mart Louisiana, LLC* (rec. doc. 22-4), p. 2, citing Johnson deposition, pp. 44, 46, 47, 48, Exhibit A (rec. doc. 22-5).

or new; and, in response to whether he thought the spill was there for a long or short time, testified "I don't think it was there very long."[5]

In opposition, plaintiff argues she has produced sufficient summary judgment evidence to establish a genuine issue of material fact exists as to whether defendant had constructive notice, and thus summary judgment must be denied. In support of her argument, plaintiff offers her testimony that the spill covered an area of approximately four feet, and Hebert's testimony that the spill was in the shape of a circle, sort of like a puddle about three feet in area. When questioned about the duration the spill was on the floor, Hebert testified ". . . I mean, it was a bigger puddle, so it had to have been there for a little bit. . . . [because] [i]f it would spread out and get bigger."[6] Plaintiff also argues there is evidence a Wal-Mart employee, Mrs. Ficklin, was working near the spill, as she was the first on the scene.[7] Plaintiff argues the location of an employee of the merchant in the area near the spill can be a significant factor in whether the merchant had constructive notice, citing Blackman v. Brookshire Grocery Co., 966 So.2d 1185 (La. App. 3 Cir. 2007).

Plaintiff, in conclusion, argues she had submitted "sufficient positive evidence to show that some period of time elapsed between the appearance of the liquid on the floor and the fall of

---

[5]*Memorandum in Support of Motion for Summary Judgment on Behalf of Wal-Mart Louisiana, LLC* (rec. doc. 22-4), p. 3, 4, citing Hebert deposition, Exhibit B, pp. 9, 11, 12, 13, 14, 22.

[6]*Memo in Opposition to Motion for Summary Judgment on Behalf of Wal-Mart Louisiana, LLC* (rec. doc. 26), p. 3, citing Johnson deposition, Exhibit A, p. 43, and Hebert deposition ,Exhibit B, pp. 8, 9, 12 and 14.

[7]*Memo in Opposition to Motion for Summary Judgment on Behalf of Wal-Mart Louisiana, LLC* (rec. doc. 26), p. 7, citing Hebert deposition , Exhibit B, and Johnson deposition , Exhibit A, p. 50.

Mrs. Johnson [and the] remaining factor is to show just how long the liquid was on the ground, a question inappropriate for summary judgment which must be presented to a jury."[8]

## *Applicable Law and Discussion*

### Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Id.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324; see also Matsushita

---

[8] *Memo in Opposition to Motion for Summary Judgment on Behalf of Wal-Mart Louisiana, LLC* (rec. doc. 26), p. 10, referencing Bagley v. Albertsons, Inc., 492 F.3d 328 (5th Cir. 2007).

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538

(1986); Auguster v. Vermillion Parish School Bd., 249 F.3d 400, 402 (5th Cir.2001).

**La. R.S. 9:2800.6**

La. R.S. 9:2800.6 reads as follows:

§2800.6  Burden of proof in claims against merchants

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
LSA-R.S. 9:2800.6

In <u>White v. Wal-Mart Stores, Inc.</u>, 699 So.2d 1081, 1084-1085 (La. 1997), the Louisiana Supreme Court laid out the burden of proof imposed on a claimant at trial alleging constructive notice:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ... " *Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is **necessarily a fact question**; however, there remains the prerequisite showing of **some** time period*. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
> <u>White v. Wal-Mart Stores, Inc</u>. 699 So.2d 1081, 1084 -1085 (La.1997)(Emphasis added).

When a defendant moves for summary judgment on a matter is which the non-mover bears the burden of proof, the mover "bears the burden of identifying an absence of evidence to support the nonmoving party's case.*" <u>Capitol Indem. Corp. v. U.S.</u>*, 452 F.3d 428, 430 (5th Cir.2006)*. In order to defeat defendant's motion, plaintiff must respond with "specific facts showing that there is a genuine issue for trial." F.R.C.P. 56(e). When evaluating the motion "the court must view facts and inferences in the light most favorable to the party opposing the motion." <u>Hunt v. Rapides Healthcare Sys. LLC</u>, 277 F.3d 757, 762 (5th Cir.2001).

The undersigned finds plaintiff has established there is sufficient evidence in the record to create a material issue of fact as to whether Wal-Mart had constructive notice of the spill. Plaintiff has submitted evidence the spill was on the floor for *some* period of time. Both plaintiff and Hebert testified the spill was spread in a circular puddle over about a three to four foot area, and plaintiff's buggy left tracks in the puddle after it went through it. Common sense and

experience suggest the spill was at least viscous enough to hold tracks, and its spreading in a three to four foot circular pattern would have taken some time. The evidence that a Wal-Mart employee was working nearby and was the first on the scene of the accident is sufficient to raise a genuine fact question regarding constructive notice.

As stated in <u>White</u>, a claimant does not have to show a *specific* time in minutes or hours, and at trial, plaintiff will have to prove, by preponderance of the evidence, that the period of time was sufficiently lengthy that Wal-Mart should have discovered the spill, along with all of the other elements of her claim.

The court concludes that at this stage of the litigation, plaintiff has introduced sufficient evidence to survive the motion for summary judgment on the issue of whether she can meet her burden of proof under LSA-R.S. 9:2800.6 and <u>White v. Wal-Mart Stores, Inc</u>., 699 So.2d 1081 (La. 1997).

*Conclusion*

For the reasons given above,

**IT IS ORDERED** that the Motion for Summary Judgment on Behalf of Wal-Mart Louisiana, LLC is **DENIED**.

Signed at Lafayette, Louisiana, on August 10, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)