# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **ELLEN JOHNSON,** <br> **JULIUS JOHNSON** | **CIVIL ACTION NO. 08-1216** |
| **VERSUS** | **MAGISTRATE JUDGE METHVIN** |
| **WAL-MART LOUISIANA, LLC** | **BY CONSENT OF THE PARTIES** |

### *RULING ON MOTION FOR RECONSIDERATION*
(Rec. Doc. 33)

Before the court is plaintiff's motion for reconsideration of this court's prior ruling denying plaintiff's motion to transfer the case for trial to Lake Charles.[1] While defendant did not voice any opposition to the prior motion to transfer, it now opposes the motion for reconsideration and trial in Lake Charles, Louisiana. A jury trial is set in this matter on November 16, 2009, at 9:30 a.m., in Lafayette, Louisiana.

### *Background*

In the court's prior ruling, it found as follows:

> Considering the facts presented and the applicable law, the court concludes that holding the trial in Lafayette will cause no undue hardship to either party. On the other hand, the undersigned is not opposed to traveling to Lake Charles to conduct the trial, assuming there is courtroom space available to do so. However, since more than 95% of federal civil trials are resolved without a trial, a final decision regarding the location of the trial is premature at this time.
>
> Accordingly,
>
> IT IS HEREBY ORDERED that the plaintiffs' Motion to Transfer (rec. doc. 15) is DENIED at this time. Plaintiffs may re-urge the motion at an appropriate time closer to the trial date.[2]

---

[1] See *Ruling on Motion to Transfer* (rec. doc. 19).

[2] *Ibid.*

### *Argument of Parties*

In their re-urged motion, plaintiffs argue the matter should be transferred to the Lake Charles division of the Western District of Louisiana pursuant to 28 U.S.C. §1404(a), because Lake Charles is a more convenient forum for the witnesses and parties.

Plaintiffs argue one of their fact witnesses, Mr. Clint Hebert, who lives in DeRidder, Louisiana, lives 110 miles from the Lafayette courthouse, and is beyond the subpoena power of the court. Furthermore, plaintiffs argue, they are entitled to a jury "drawn from a community with some connection to the case."[3]

In opposition, defendant argues a transfer to Lake Charles would only shift inconvenience from the plaintiffs to the defendant. Defendant argues its orthopedic independent medical examiner and its vocational rehabilitation expert are located in Lafayette, and "defendant can easily provide transportation and produce all of its [Walmart] employees needed for trial, whether called by the plaintiffs or defendant as a witness."[4] Defendant further argues all expert witnesses are within the subpoena power of the court, and the records, books, witnesses, and experts are no more accessible in Lake Charles than in Lafayette.

### *Applicable Law and Discussion*

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought." 28 U.S.C. § 1404(a)(emphasis added). "Section 1404(a) is

---

[3]*Motion for Reconsideration* (rec. doc. 33), p. 1, citing <u>Gulf Oil Corp.v. Gilbert</u>, 330 U.S. 501, 509, 67 S.Ct. 839, 843 (1997).

[4]*Memorandum in Opposition to Plaintiffs' Motion for Reconsideration of Motion to Transfer Venue on Behalf of Wal-Mart Louisiana, LLC* (rec. doc. 36), p. 3.

intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945(1964)).

The preliminary question in a change of venue motion is whether the suit could have been filed originally in the destination venue. In re Volkswagen of Am. Inc., 545 F.3d 304, 312 (5th Cir. 2008).

After determining the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. In re Volkswagen of America, Inc., 545 F.3d at 314, citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Volkswagen, 506 F.3d at 380 (internal citations omitted).

The public interest factors include (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws. Id.

The location of counsel is an improper factor for courts to consider, and while plaintiff's choice of forum is a factor to be considered, "in and of itself is neither conclusive nor determinative." In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir.2003).

*Venue*

This matter was properly removed to the Lake Charles Division and is technically still in the destination venue, the Lake Charles Division, but was reassigned to Lafayette for administrative purposes pursuant to Standing Order 1.61 of this District.

*Private Interest Factors*

There is no difference in ease of access to documentary evidence from either courtroom, as both parties are in possession of medical records and other material. While plaintiff complains compulsory process is not available to secure the attendance of fact witness Clint Hebert, the court notes Hebert testified at his deposition on October 22, 2008, that he was about to move to Lake Charles.[5] Furthermore, Hebert testified that his mother and plaintiff worked together, and he knows plaintiff personally.[6] In his deposition, Hebert stated he called plaintiff "Mrs. E.B."[7]

If Hebert is currently living in Lake Charles, as his testimony indicated, he is within the compulsory process of the court. Furthermore, plaintiff does not affirmatively state compulsory process will be required for this witness, who is obviously is personally acquainted with plaintiff.

As for most, if not all, of the other fact witnesses, defendant has stated it will provide transportation for all of its employees that will be called as witnesses by either party.

As stated in the prior ruling, DeRidder is approximately 48 miles from Lake Charles, and 110 miles from Lafayette; therefore, the difference in travel to Lafayette is 62 miles and approximately one additional hour, which is not substantial.

---

[5] Rec. Doc. 22-5, p. 6.

[6] Rec. Doc. 22-5, p. 8.

[7] Rec. Doc. 22-5, p. 9.

An updated Rule 26(f) report show plaintiffs' anticipated expert witnesses located in DeRidder, Leesville, and Alexandria, and defendant's expert witnesses located in Lafayette, DeRidder, Leesville, and Alexandria. Thus, *none* of the expert witnesses are located in Lake Charles, while at least some are located in Lafayette. The experts from DeRidder and Alexandria, if they are going to testimony live, will have to travel no matter where the trial is held.

Plaintiffs did not choose either forum – Lake Charles or Lafayette. They filed suit in a state court in Beauregard Parish, DeRidder, Louisiana. Thus, the plaintiffs did not chose either division.

Therefore, there are no compelling private interests in support of transferring the case to Lake Charles for trial.

***Public Interest Factors***

The public interest factors favor retaining the trial setting in Lafayette. The case was assigned to Lafayette judges under an administrative policy governing assignment of cases, in part to avoid court congestion. A substantial amount of pretrial management has occurred in Lafayette, and the imposition of a Lafayette Magistrate Judge and staff on the court facilities and personnel in Lake Charles would cause unwarranted administrative and logistical difficulties. Furthermore, the undersigned Magistrate Judge will be retiring prior to the trial of this case, and she is unwilling to obligate her successor to travel to Lake Charles, Louisiana, when there is absolutely no compelling reason to do so, other than plaintiffs' desire.

Therefore, there are no public interest factors favoring a transfer of the trial from Lafayette to Lake Charles.

6

*Conclusion*

Neither private nor public interest factors favor a transfer from Lafayette to Lake Charles. Therefore,

**IT IS ORDERED** that the plaintiffs' Motion for Reconsideration (rec. doc. 33) is **DENIED**.

Signed at Lafayette, Louisiana, on September 21, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)